**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RAFAEL LOPEZ,**

      **Plaintiff,**

**vs.**                                    **CASE NO. 4:04cv286-MMP/AK**

**CHARLES SHOCKLEY, et al,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff is a *pro se* inmate who filed a complaint (doc. 1) and a motion for a preliminary injunction.  (Doc. 20).  Defendants have responded to the complaint by filing a motion to dismiss for failure to exhaust administrative remedies.  (Doc. 17).  Defendants have also responded to the motion for preliminary injunction.  (Doc.  22).

Plaintiff alleges in his motion for injunctive relief *without any specific facts or any allegations directed at any specific defendant* that he will suffer irreparable harm and has been retaliated against by the Florida Department of Corrections.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d

1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th

Cir. 1983).  Guiding this discretion is the required finding that plaintiff has established:

>    (1) a substantial likelihood of success on the merits;

>    (2) a substantial threat of irreparable injury if the injunction were not granted;

>    (3) that the threatened injury to the plaintiffs outweighs the harm an
>    injunction may cause the defendant;  and

>    (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112

F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).

A preliminary injunction is an extraordinary and drastic remedy and should not be

granted unless the movant "clearly carries the burden of persuasion" of all four

prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519,

*citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

   Plaintiff has not made any specific allegations as to any of the four factors cited

above and has certainly not carried the burden of persuasion such as to warrant

injunctive relief.

   In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion

for a preliminary injunction, doc. 20, be **DENIED** and this case be **REMANDED** for

further proceedings.

   **IN CHAMBERS** at Gainesville, Florida, this **21st**  day of December, 2005.


   **s/ A. KORNBLUM**
   **ALLAN KORNBLUM**
   **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**